UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY FREDRICKSON,<br><br>                Plaintiff,<br><br>    v.<br><br>CITY OF MILTON,<br><br>                Defendant. | Case No. C08-5133RJB<br><br>ORDER GRANTING THE CITY'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE AND DENYING PLAINTIFF'S MOTION TO ALLOW AMENDMENT OF COMPLAINT |

This matter comes before the court on the City's Motion for Summary Judgment (Dkt. 13) and on plaintiff's Motion to Allow Amendment of Complaint (Dkt. 19). The court has considered the pleadings filed in support of and in opposition to the motions, and the remainder of the file herein.

PROCEDURAL HISTORY

On November 29, 2007, plaintiff filed a civil action in Pierce County Superior Court, alleging that two City of Milton police officers committed tortious conduct when "the officers caused plaintiff to be tased causing the plaintiff extreme pain and mental anguish, taking plaintiff to the ground and causing him to aggravate preexisting spinal condition, and causing psychological damage." Dkt. 7, at 6-7.

On February 21, 2008, plaintiff filed a Second Amended Complaint in state court, alleging that City of Milton police officers violated plaintiff's rights under 42 U.S.C. § 1983. Dkt. 7, at 4-5. The Second Amended Complaint alleges that the officers "knowingly entered his home without a warrant

ORDER
Page - 1

1  for an arrest and without probable cause and interfered with his use of a telephone, physically
2  assaulting him, and preventing him from calling for legal assistance and/or assistance from his mother
3  to secure the residence, all actions being done knowingly"; and that the officers "were, for some
4  reason, overly vexed at the time of the incident, one of them just having come from a SWAT training
5  class, and multiple tasers were used on him and he was unnecessarily and intentionally tased on several
6  occasions for merely trying to continue a phone conversation where he had already dialed a number in
7  the officers' presence." Dkt. 7, at 4-5. The Second Amended Complaint further alleges that "[a]t no
8  time did the plaintiff attack, threaten or intimidate any of the officers or unreasonably delay the
9  performance of their duties." Dkt. 7, at 5. The City of Milton is the only named defendant. The
10 police officers were not identified in the Second Amended Complaint.
11     On March 5, 2008, the City of Milton removed the case to federal court, on the basis of federal
12 question jurisdiction. Dkt. 1. On June 17, 2008, the court issued a scheduling order, setting July 17,
13 2008 as the deadline for joinder of parties; December 16, 2008 as the deadline for filing dispositive
14 motions; and a trial date of March 6, 2009. Dkt. 11.

## MOTION FOR SUMMARY JUDGMENT

16     On December 11, 2008, the City of Milton filed a motion for summary judgment, requesting
17 that the court grant summary judgment and dismiss the case with prejudice, contending that plaintiff
18 has not and cannot show a basis for municipal liability. Dkt. 13. The City of Milton's motion was
19 noted for January 2, 2003. Under Local Rule CR 7, plaintiff's response was due not later than
20 December 29, 2008.
21     On December 31, 2009, the City of Milton filed a notice, informing the court that, because
22 plaintiff failed to respond to the motion for summary judgment, the City of Milton was entitled to
23 summary judgment pursuant to Fed.R.Civ.P. 56(e). Dkt. 15.
24     On January 1, 2009, plaintiff filed a response in opposition to the City of Milton's motion for
25 summary judgment, arguing that officers Williams and Kenyon used the taser on plaintiff multiple
26 times while he was sitting in a chair talking to his mother; that the force used was not objectively
27 reasonable; that plaintiff was cooperative, or "minimally non-compliant", and not fully mobile; that
28 plaintiff was charged with misdemeanor crimes of Fourth Degree Assault and resisting arrest; and that

the charges were ultimately dropped by the City of Milton because they were not provable and because the arrest was unlawful. Dkt. 16, at 1-8. Plaintiff contends that the use of the taser in these circumstances constituted excessive force under the Fourth Amendment. *Id.*

On January 1, 2009, plaintiff filed a Motion to Allow Amendment of Complaint. Dkt. 19. Plaintiff requests that he be permitted to amend the complaint to add Milton police officers K. Williams and Z. Kenyon as defendants, contending that Fed.R.Civ.P. 15 (a) provides that leave shall be freely given, and that there is no prejudice to the City of Milton because the City was on notice that it was the physical actions of the Milton police that gave rise to the injuries sustained by plaintiff. Dkt. 20.

On January 5, 2009, the City of Milton filed a reply to its motion for summary judgment, contending that (1) plaintiff's response should be stricken because it was not timely filed; and (2) plaintiff has not submitted evidence to support his claims. Dkt. 21.

## RELEVANT FACTS

*The City of Milton's Version of the Facts.* On March 27, 2007, plaintiff was inside his kitchen when he looked out the window and saw his neighbor, Ms. Cole, walking her dog past his home. As Ms. Cole passed plaintiff's house, she unhooked the leash from her dog and continued walking down the block. Plaintiff left his house, walked up his driveway, and watched Ms. Cole walk away with her dog. Plaintiff got into his car, drove down the street, pulled next to Ms. Cole, rolled down the window, and told her to put her dog on a leash. Ms. Cole told plaintiff to stay away from her.

Plaintiff then got out of his car and began walking toward Ms. Cole, telling her at least six times, in a stern and elevated voice, to get her \*\*\*\*\*\*\*dog on a leash. Plaintiff stated in his deposition that Ms. Cole was afraid of him, that she looked like a "deer in the headlights," and that she continued to tell him to stay away from her. When Ms. Cole failed to comply with plaintiff's demands, plaintiff grabbed the dog by its collar and told Ms. Cole that he would take the dog to the police station and that she could pick it up there.

After a few seconds, the dog wriggled free of plaintiff's grasp and ran back to Ms. Cole. Ms. Cole turned and began to run away from plaintiff when she tripped and fell to the pavement. Ms.

Cole got up and walked down the sidewalk away from plaintiff. Plaintiff then got into his car and drove back to his house.

When he had arrived at his house, plaintiff called the police to report Ms. Cole for allowing her dog to be off leash. While he was on the phone with the dispatcher, plaintiff saw Ms. Cole speaking to another neighbor. He told the police dispatcher that Ms. Cole was talking to her neighbors, and that he was going to hang up and go to see what kind of a story she was coming up with. Plaintiff then hung up the phone and left his property to confront ms. Cole. He made various statements to Ms. Cole and to the neighbor he was talking with, Pat O'Leary. When Mr. O"Leary indicated that he had not seen plaintiff's initial confrontation with Ms. Cole, plaintiff decided he needed to let him know that he wasn't on his medications. Ms. Cole left the scene and plaintiff returned home.

On March 28, 2007, plaintiff returned home from running errands about 2:00 p.m. A neighbor came and told him that the police had been to his house earlier that day looking for him. Plaintiff went inside and called the Milton Police Department, saying that he understood that there had been some officers at his house earlier and that he was wondering what it was about. The police representative told him that the officers would be contacted and that they would probably get in touch with plaintiff.

A few hours later, Milton Police Officers Kenyon and Williams arrived at plaintiff's home and knocked on the front door. Plaintiff invited them in. Plaintiff sat down and asked the officers why they were there. Next to plaintiff's chair was a table with a variety of articles sitting on it, including a telephone, a pair of scissors, and a letter opener. The officers told plaintiff that Ms. Cole had filed assault charges against him and that they were there to arrest him.

Plaintiff refused to comply with the officers' demands to stand up from his chair. Plaintiff immediately responded that he would like to make a phone call to his mother who owned the house so that she could come and shut the house up. The officers told him that he could not call at that time but that he could make the phone call down at the station. Plaintiff picked up the phone from the table and began dialing. The officers told plaintiff three or four times to put the phone down.

Plaintiff continued dialing because he didn't think that was too much to ask. The officers told plaintiff that they did not want to have to "Taser" him.

Because plaintiff was not complying with the officers' demands to put down the phone and move away from the table, Officer Williams stepped in to grab plaintiff's arm and forcibly removed plaintiff from the chair. Plaintiff physically resisted and slapped Officer Williams' arm away. Officer Kenyon deployed his taser and administered a standard 5-second current to subdue plaintiff. The officers then pulled plaintiff out of his chair and onto the floor, handcuffed him, and took him into custody.

*Plaintiff's Version of the Facts*. When officers Williams and Kenyon originally arrived at plaintiff's house, it was under the guise that they wanted to talk. Dkt. 17. Plaintiff allowed them to enter his home and officer Kenyon immediately recognized and commented on the fact that plaintiff was wearing a soft collar cervical brace. Dkt. 17, at 1-2. Plaintiff stated that the officers "knew I was in discomfort and that my mobility was significantly restricted." Dkt. 17, at 2. After about fifteen minutes, the officers told plaintiff that they were going to arrest him. Plaintiff asked if he could make a phone call to his mother, who owns the home, so she could make sure it was safely secured because plaintiff did not know how long he would be out of the house. Plaintiff stated in a declaration, as follows:

> I was seated in my chair, picked up the phone, dialed my mother and it rang approximately five times before she answered. I told her I was being arrested and at this point Officer Williams came after me with his taser. I was surprised by this sudden turn of events and the next thing I knew I was being tasered by Officers Kenyon and Williams. I never hit Officer Williams or in any way was uncooperative. Due to my physical limitations and the cordial discussions with the Officers up to the point I was tasered, I thought a quick phone call was not unduly burdensome.

Dkt. 17, at 2.

Plaintiff was arrested and charged with misdemeanor crimes of Fourth Degree Assault and resisting arrest. Those charges were dismissed because the arrest was unlawful.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment

as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

STANDARD FOR STATING A CLAIM UNDER 42 U.S.C. § 1983

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). The municipal action must be the moving force behind the injury of which plaintiff complains. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 405 (1997).

DISCUSSION

The complaint at issue in this case is the Second Amended Complaint. Dkt. 7. An amended pleading supersedes the original pleading. *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir.1990) ( "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original" ); *Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir.1967); *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir.1981) (claims not realleged in amended complaint are deemed waived); 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1476, at 556-59 (1990). After amendment, the original pleading no longer performs any function and is "treated thereafter as non-existent," *Loux v. Rhay,* 375 F.2d at 57.

As an initial matter, the court recognizes that plaintiff's opposition was not timely filed. Plaintiff did not request an extension of time to file a response, nor has he shown any cause whatsoever for filing a late response. Pursuant to Local Rule CR 7(b)(2), if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit. Because plaintiff did not timely file opposition to the City of Milton's motion for summary judgment, the City of Milton is entitled to summary judgment on plaintiff's claims.

Even if plaintiff had filed timely opposition to the motion for summary judgment, he has not met his burden to show that there is an issue of fact regarding the City of Milton's municipal liability under 42 U.S.C. § 1983. The Second Amended Complaint asserts only a federal claim under 42 U.S.C. § 1983 and only against the City of Milton. In his response to the City of Milton's motion for summary judgment, plaintiff has not addressed municipal liability, arguing only that the officers' use of the taser constituted unreasonable force and was in violation of the City of Milton's use of force

policy. Plaintiff has not met his burden to show an official custom, pattern or policy of the City of Milton that permitted deliberate indifference to, or violated, plaintiff's civil rights; nor has plaintiff shown that the City of Milton ratified the allegedly unlawful conduct. The record does not show that there is a basis for municipal liability under 42 U.S.C. § 1983. The City of Milton's motion for summary judgment should be granted and the claims against the City of Milton should be dismissed.

## PLAINTIFF'S MOTION TO ALLOW AMENDMENT OF COMPLAINT

Plaintiff requests that he be permitted to amend the complaint to name officers K. Williams and Z. Kenyon as defendants. Dkt. 19. This request was not properly identified or noted as a motion when it was electronically filed by plaintiff. Nonetheless, the court has considered the motion, and concludes that a response from the City of Milton is not necessary.

Fed.R.Civ.P. 15(a) provides in relevant part as follows:

**(a) Amendments Before Trial.**

**(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course:

**(A)** before being served with a responsive pleading; or

**(B)** within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

**(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later.

In this case, plaintiff was required by the court's scheduling order to join parties not later than July 17, 2008. Plaintiff did not do so and has come forward with no reason for the late attempt to join parties. While plaintiff asserts that the City of Milton is not prejudiced by the proposed amendment, that does not appear to be the case. The deadline for filing dispositive motions was December 16, 2008. A motion related to qualified immunity or a motion for summary judgment on behalf of the two officers involved in this incident would now be precluded because the date for filing dispositive motions has long since passed. Plaintiff should not be permitted to amend the complaint at this late

date, particularly when he has not shown good cause for failing to comply with the existing deadlines in the case. The court should deny plaintiff's motion to file an amended complaint.

Therefore, it is hereby

**ORDERED** that plaintiff's Motion to Allow Amendment of Complaint (Dkt. 19) is **DENIED.** The City's Motion for Summary Judgment (Dkt. 13) is **GRANTED**. This case is **DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 7th day of January, 2009.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER
Page - 9